IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHANETRA FRAZIER, *as special*                                            PLAINTIFF
*administrator of the Estate of Bralon*
*Frazier, Jr., Deceased*

v.                                    CASE NO. 4:24-CV-00968-BSM

LITTLE ROCK SCHOOL DISTRICT, *et al.*                                     DEFENDANTS

## ORDER

Defendants' motion to dismiss the second amended complaint [Doc. No. 35] is denied

on all claims except plaintiff's outrage claim and plaintiff's request for emotional distress and

punitive damages on her Americans with Disabilities Act and Rehabilitation Act claims.

## I. BACKGROUND

ShaNetra Frazier is suing the Little Rock School District; one of Fullbright

Elementary School's classroom teachers, Katherine Woodling; and two of Fullbright's

paraprofessionals, Samantha Mehran and Janet Miles.  Second Amended Complaint (Am.

Compl.) ¶¶ 4 & 7–9,  Doc. No. 32.  Her claims stem from the very tragic death of her son,

Bralon Frazier, Jr., who died at Fullbright after suffering a seizure.

As recounted in the prior dismissal order, Doc. No. 24, Bralon was severely mentally

and physically disabled.  Am. Compl. ¶ 14.  He spent most of his time in an activity chair,

was unable to speak, walk, or swallow, was fed through a G-tube, and relied completely on

others for his healthcare and safety.  *Id.* ¶¶ 15–17, 19 & 23.

Bralon arrived at school on November 7, 2022, at his typical level of health.  *Id.* ¶ 49.

Two of the paraprofessionals typically assigned to Bralon's classroom were out and no substitute was assigned to fill in. *Id.* ¶¶ 69–71. One of the absent paraprofessionals was the person who usually fed Bralon. *Id.* ¶ 72. For this reason, although untrained to do so, Janet Miles fed Bralon mid-day and then returned him to his classroom where Samantha Mehran took over Bralon's care. *Id.* ¶¶ 74–76. Mehran noticed that Bralon had a spit-up like substance coming from his mouth so she removed him from his chair and placed him on his back. Am. Compl. ¶¶ 79–80. Katherine Woodling then joined Mehran and the two of them changed Bralon's clothes and placed him back in his chair without calling for medical assistance. *Id.* ¶¶ 85 & 88. Approximately thirty to forty minutes later, Woodling noticed that Bralon's condition had not improved, so she called for medical assistance. *Id.* ¶ 93.

When the nurse arrived, she performed CPR on Bralon because his lips were blue, he had a faint pulse, cold hands, a sluggish reaction to light, and vomit on him. *Id.* ¶¶ 97–100. The nurse stayed with Bralon until emergency medical technicians (EMT) arrived. *Id.* ¶ 101. The EMT's attempted to revive Bralon but failed, and he was declared dead upon arrival at the hospital. *Id.* ¶¶ 102–04.

Frazier is suing the defendants for committing constitutional torts under 42 U.S.C. section 1983, for violating the Americans with Disabilities Act and the Rehabilitation Act, for violating the Arkansas Civil Rights Act and the Arkansas Civil Action for Crime Victims Act, and for common law negligence, wrongful death, vicarious liability, and outrage. Defendants are moving to dismiss all of the various claims brought against them.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted.  To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient.  *Id.*  All allegations contained in the complaint are considered true, and all reasonable inferences are drawn in the plaintiff's favor.  *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022).  At this stage, materials embraced by the pleadings as well as exhibits attached to the pleadings and matters of public record may all be considered.  *Zean v. Fairview Health Servs.*. 858 F.3d 520, 526 (8th Cir. 2017).

## III. DISCUSSION

A.    <u>Federal Claims</u>

The motion to dismiss is denied on Fraizer's section 1983,  Americans with Disabilities Act, and Rehabilitation Act claims.  The motion is granted on her request for emotional distress and punitive damages for her Americans with Disabilities Act and Rehabilitation Act claims.

### 1.  42 U.S.C. § 1983

a.    Official Capacity Claims

The motion to dismiss Fraizer's section 1983 claims against the District and against

defendants in their official capacities is denied.

### i. Failure to Act

Frazier can state a claim against the District under section 1983 if she shows that it had an official policy or custom of failing to investigate and respond to complaints of unconstitutional acts by its employees. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 646 (8th Cir. 1990). The same pleading standard applies to her official capacity claims against the other defendants because official capacity claims are essentially claims against the District. *Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184, 1189 (8th Cir. 2019). For these reasons, to overcome dismissal, Frazier must plausibly allege that (1) there was a continuing widespread persistent pattern of unconstitutional conduct in the school district; (2) after learning of the unconstitutional conduct, the District's policymaking officials were deliberately indifferent to, or tacitly authorized, the conduct; and (3) Frazier was injured as a result of the District's custom. *Plamp v. Mitchell Sch. Dist. No. 17-2*, 565 F.3d 450, 459 (8th Cir. 2009).

Frazier alleges that Bralon was injured when District employees failed to follow the District's policies. Am. Compl. ¶ 141. Frazier further alleges that another student's parents lodged complaints against Janet Miles to the District due to her lack of training when feeding their child who uses a G-Tube. *Id.* ¶ 44. Frazier alleges the District responded to this complaint by assigning a different feeder but did not stop Miles from feeding other students who have a G-Tube. *Id.* ¶¶ 48–49. While it is true as the District argues, a single deviation from a written policy does not prove a conflicting custom, this is enough to survive a motion

to dismiss. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). This issue can be revisited at the summary judgment stage after discovery has been taken.

### ii. Failure to Train

To overcome dismissal on her failure to train claim, Frazier must plausibly allege (1) the District's training practices are inadequate; (2) the District was deliberately indifferent to the rights of others in adopting the training practices, such that the failure to train shows a deliberate or conscious choice; and (3) the deficient training caused Frazier's injury. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Deliberate indifference is difficult to prove but permits liability to be premised on obviousness or constructive notice. *Joseph v. Wheeler*, 144 F.4th 1111, 1113 (8th Cir. 2025); *Doe*, 920 F3d at 1189. Frazier alleges that the District had actual or constructive notice that the District's staff, specifically Janet Miles, was inadequately trained to feed students with G-tubes and that they deliberately ignored it by allowing Miles to continue to feed the students. Am. Compl. ¶ 43–47, 49–51. Frazier further alleges that the District had a number of complaints about the lack of emergency training for special education professionals. *Id.* ¶ 60. This is enough to survive dismissal.

b.     Individual Capacity Claims

The motion to dismiss Frazier's section 1983 claims against Woodling, Mehran, and Miles in their individual capacities is denied.

To state individual capacity claims, Frazier must allege that Bralon's injuries occurred when defendants, who are state actors, violated his clearly established rights. *West v. Atkins*,

487 U.S. 42, 48 (1988). Frazier alleges that Woodling, Mehran, and Miles were state actors who violated Bralon's rights by failing to: properly feed him, properly evaluate him, timely obtain medical attention for him, and act in accord with his Individualized Education Plan. Am. Compl. ¶¶ 75, 79–80, 84, 87–90, 93 & 146.  Frazier alleges that these failures violated Bralon's Fourth and Fourteenth Amendment rights as well as his rights under the Equal Protection Clause for improper medical care, and resulted in his death.  Am. Compl. ¶¶ 137, 140 & 143–44.  These allegations are sufficient to overcome dismissal.

### 2. *Americans with Disabilities Act and Rehabilitation Act Claims*

The motion to dismiss Frazier's Americans with Disabilities Act (ADA) and Rehabilitation Act claims is denied because Frazier has sufficiently alleged that Bralon suffered an adverse action as a result of his disability.  *A. J. T. v. Osseo Area Sch., Indep. Sch. Dist. No. 279*, No. 24-249, 2025 WL 1657415 *6 (U.S. June 12, 2025) (ADA and Rehabilitation Act claims based on educational services should be subject to the same standards that apply in other discrimination contexts)*; Withers v. Johnson*, 763 F.3d 998 (8th Cir. 2014) (to establish an ADA discrimination claim, a qualified individual with a disability must show he has suffered an adverse action as a result of the disability); *Birmingham v. Omaha Sch. Dist.*, 220 F.3d 850, 856 (8th Cir. 2000) (the enforcement, remedies, and rights under ADA and section 504 are the same).  Frazier alleges Bralon's classroom was inadequately staffed on the day of his death; the District failed to hire competent staff to assist Bralon; that Bralon was improperly placed on his back after vomiting when he did not

have the ability to swallow; and medical attention was not sought for at least thirty minutes after Bralon showed signs of vomiting, all of which resulted in Bralon's death. Am. Compl. ¶¶ 73–75, 79–80, 93 & 161. This is enough to overcome dismissal.

*3. Damages*

Frazier may seek compensatory damages if she proves her deliberate indifference claim. *See Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011) (deliberate indifference does not require a showing of personal ill will or animosity toward Bralon rather it can be inferred from defendants' deliberate indifference to the strong likelihood that pursuit of its course of action on the day of Bralon's death would likely have resulted in a violation of federally protected rights).

Frazier, however, may not recover punitive damages or damages for emotional distress on her Rehabilitation Act or ADA claims. *See Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011) (the rights and remedies under the ADA and section 504 are governed by Title VI precedent); *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 224 (2022) (emotional damages are not permitted under section 504); *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (punitive damages may not be awarded under section 504 or the ADA).

B.      State Claims

The motion to dismiss is denied on Fraizer's state tort claims and civil action by a crime victim claim. The motion is granted on her outrage claim.

### *1. Negligence, Vicarious Liability, Wrongful Death,*
### *and Arkansas Civil Rights Act*

The motion to dismiss based on tort immunity is denied.  State actors are immune from tort claims and claims under the Arkansas Civil Rights Act except to the extent that those actors are insured.  Ark. Code Ann. section 21-9-301; *Benton Sch. Dist. v. Greer*, 677 S.W.3d 799, 804 (Ark. 2023).  Defendants have submitted an affidavit from the District's Chief Financial and Operation Officer attesting that the District does not have liability insurance covering Frazier's claims.  *See* Mot. Dismiss Second Am. Compl., Doc. No. 35, Ex. A, Deceleration of Kelsey Bailey.  Frazier's response that the motion should be denied to permit her to obtain discovery on the issue is well taken and the motion to dismiss is denied to permit her to do so.  *See Calvin v. Randall*, No. 4:21-CV-00224-LPR, 2022 WL 839053, *6 (E.D. Ark. Mar. 21, 2022) (declaration not properly before the court on a motion to dismiss and only discusses one defendant's liability insurance).

### *2. Outrage*

The motion to dismiss Frazier's outrage claim against Woodling and Mehran is granted. To establish an outrage claim, Frazier must show (1) defendants intended to inflict emotional distress or knew emotional distress was the likely result of their conduct; (2) the conduct was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) defendants caused Frazier's distress; and (4) Frazier's emotional distress was so severe that no reasonable person could be expected to endure it.  *Kiersey v. Jeffrey*, 253 S.W.3d 438, 441 (Ark. 2007).

Frazier alleges that Woodling and Mehran ignored Bralon's medical condition while it was getting worse, declined assistance, misrepresented the truth, downplayed the situation to Frazier, and failed to get medical assistance for Bralon for thirty to forty minutes.  Am. Compl. ¶ 155.  Frazier also alleges that Woodling was unwilling to provide information on what happened to Bralon.  *Id.* ¶ 156.

Although this is a tragic case, Frazier has failed to show that defendants' conduct was beyond all bounds of decency and utterly intolerable in a civilized community. *Crockett v. Essex*, 19 S.W.3d 585, 589 (Ark. 2000) (outrage is given a narrow view and requires clear-cut proof to establish cases).  Frazier's outrage claim is therefore dismissed.

### 3. Civil Action by Crime Victim

Arkansas Code Annotated section 16-118-107 provides a civil cause of action to "[a]ny person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law."  Frazier alleges that Woodling and Mehran committed the felony offense of first degree endangerment of the welfare of a minor.  Ark. Code Ann. Section 5-27-205; Am. Compl. ¶ 152.  In support of this claim, Frazier alleges that Mehran placed Bralon on his back, that Woodling and Mehran declined assistance for Bralon, and that they delayed getting medical care for him.  *Id.* ¶¶ 80, 87 & 93.  Although this claim is thin, Frazier has alleged enough to survive dismissal.  *See* Ark. Code Ann. § 5-27-205.

### IV. CONCLUSION

For these reasons, defendants' motion to dismiss is granted on plaintiff's outrage

claim and plaintiff's request for emotional distress and punitive damages on her Americans

with Disabilities Act and Rehabilitation Act claims. The motion is denied on all other claims.

IT IS SO ORDERED this 19th day of February, 2026.

_____
UNITED STATES DISTRICT JUDGE

10